UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIAN LEMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21CV979 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's pro se motion to vacate his sentence under 28 U.S.C. § 2255, [Doc. No. 1]. The Government has responded to the motion pursuant to the Court's Show Cause order and opposes the motion. For the reasons discussed below, the Court denies the motion.

Petitioner has filed a Motion for Appointment of Counsel, [Doc. No.2], which is denied. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a

court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

On review of those factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated so far that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

Procedural Background

The fifth superseding indictment charged Petitioner with: (a) drug conspiracy; (b) the December 5, 2013 murder of B.E.; (c) two counts of possession of a firearm in furtherance of drug trafficking; (d) being a felon in the possession of a firearm; and (e) two counts of money laundering (Doc. 1990 at pp. 31-37). It also alleged the forfeiture of Petitioner's property, including: (a) United States currency; (b) a BMW vehicle; (c) miscellaneous pieces of jewelry; and (d) multiple residential properties  The penalties associated with these crimes ranged

up to life imprisonment and/or imposition of the death penalty. Petitioner waived pretrial motions, pleaded guilty to one count of 21 USC 846 Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 5 Kilograms of Cocaine.

On July 31, 2020, Petitioner was sentenced to 240 months imprisonment, 5 months supervised release, forfeiture of miscellaneous items and cash in lieu of property at 11553 Poggemoeller Ave, St. Louis MO. Petitioner was advised of his appeal rights, which were limited to claims of Prosecutorial Misconduct and Ineffective Assistance of Counsel. Petitioner did not appeal.

Petitioner now brings a motion under § 2255, arguing that his sentence should be vacated, set aside, or corrected.

## Discussion

**Section 2255 Legal Standard**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and

3

errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove that she is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**Ineffective Assistance of Counsel**

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the framework for evaluating [Petitioner's] ineffective-assistance-of-counsel claims." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). The Petitioner "must show that his counsel's performance was deficient and that he suffered prejudice as a result" to prove a violation of her Sixth Amendment rights. *Id*.

As the Eighth Circuit has instructed:

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760

4

(8th Cir. 2011). "Strickland sets a high bar for unreasonable assistance." *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. Id. "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id*.

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Bass, 655 F.3d at 760 (quoting Strickland, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770–71 (8th Cir. 2020) (cleaned up).

Both parts of the Strickland test must be met in order for an ineffective assistance of counsel claim to succeed, *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005), and the burden of demonstrating ineffective assistance of counsel is on the Petitioner *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003).

**Prosecutorial Misconduct**

"In order to prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecution's conduct was improper and that this improper conduct prejudicially affected the defendant's substantial rights." *United States v. Tyler*, 652 Fed. Appx. 488, 490 (8th Cir. 2016) (citing *United States v. Wilkens*, 742 F.3d 354, 361 (8th Cir. 2014)).

**Sixth Amendment Right to Counsel**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.; see *United States v. Baisden*, 713 F.3d 450, 454 (8th Cir. 2013) ("The Sixth Amendment guarantees a criminal defendant the right to counsel."). A non-indigent criminal defendant's Sixth Amendment rights encompass the right to be represented by the counsel selected by the defendant. See generally *United States v. Gonzalez–Lopez*, 548 U.S. 140 (2006); see also *Wheat v. United States*, 486 U.S. 153, 159 (1988). The United States Supreme Court has observed that "this right was designed to assure fairness in the adversary criminal process." *Wheat*, 486 U.S. at 158.

However, the right to retain counsel of defendant's choosing is not absolute, *Gonzalez–Lopez*, 548 U.S. at 152, because the purpose of the Sixth Amendment is to guarantee "an effective advocate for each criminal defendant," not to guarantee the counsel defendant prefers. *Wheat*, 486 U.S. at 159. "Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *United States v. Agosto*, 675 F.2d 965, 969 (8th Cir. 1982) (determining that this guarantee of effective assistance of counsel "includes the right to the assistance of counsel unhindered by a conflict of interest"), overruled on other grounds by *Flanagan v. United States*, 465 U.S. 259 (1984). When the

6

question of disqualification directly implicates a defendant's Sixth Amendment rights "disqualification of defense counsel should be a measure of last resort...." *United States v. Gearhart*, 576 F.3d 459, 464 (7th Cir. 2009) (quoting *United States v. Diozzi*, 807 F.2d 10, 12 (1st Cir. 1986)); see also *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) ("Attorney disqualification is 'a drastic measure which courts should hesitate to impose except when absolutely necessary.' ") (quoting *Schiessle v. Stephens*, 717 F.2d 417, 419–20 (7th Cir. 1983).

## Discussion

Petitioner and the Government both recognize Petitioner has commingled his claims of prosecutorial misconduct and ineffective assistance of counsel. As such, the Court will address the issues as presented in Petitioner's Motion.

**Grounds I and II Prosecutorial Misconduct regarding conflicts of Defense Counsel and Ineffective Assistance of Counsel based on conflict**

Petitioner claims he was appointed attorney Michael Fargas at the start of his case. Petitioner retained Paul Sims. The Government subsequently filed a potential conflict of interest claim. Petitioner retained Deidra Moore. Petitioner claims Judge Baker gave him the impression Ms. Moore was not qualified to handle "a case of the magnitude the prosecutors were theorizing about the case," so he retained Nick Zotos.

7

The Government filed a second conflict claim as to Mr. Zotos. Both Petitioner and Mr. Zotos filed waivers to waive any potential conflict. Judge Baker ultimately concluded Mr. Zotos should withdraw finding there was a serious potential for conflict that required substitution of counsel. This Court affirmed Judge Baker's ruling and ordered new counsel.

Petitioner thereafter retained Daniel Bruntrager. A conflict motion was filed by Mr. Bruntrager on Petitioner's behalf. On March 3, 2017, Judge Baker held a hearing on the conflict motion, and Petitioner's waiver of conflict was accepted. No formal pleading was filed by the United States in connection with Mr. Bruntrager's representation of Petitioner.

Judge Baker appointed Kathryn Parish as "learned counsel" for Petitioner in light of the pending death-eligible charges. Petitioner filed a similar written waiver of conflict in connection with Ms. Parish's co-representation of him, which was accepted by Judge Baker. No formal pleading was filed by the United States in connection with Ms. Parish's representation of Petitioner.

Mr. Bruntrager and Ms. Parish continued to represent Petitioner throughout the remainder of the criminal proceedings.

"As a general rule, 'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the [proceedings] with enough unfairness to render [a] petitioner's conviction a denial of due process.'" *Stringer v. Hedgepeth*,

8

280 F.3d 826, 829 (8th Cir. 2002) (quoting *Louisell v. Dir. Of Iowa Dept. of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)). A two-part test governs such claims, requiring Petitioner demonstrate "first, the prosecutor's conduct...must have been improper, and second, the...conduct must have prejudicially affected the defendant's substantial rights by depriving the defendant" of due process. *United States v. White*, 241 F.3d 1015, 1023 (8th Cir. 2001) (citation omitted).

As to demonstrating prejudice, Petitioner "must show that there is a reasonable probability that the error complained of affected the outcome"—here, the prosecutor's requests for conflict determinations,—such that "absent the alleged impropriety the [outcome] probably would have been different." *Id.* (citations omitted). In making such a determination, it is necessary to "consider the cumulative effect of the misconduct," as well as "examine the strength of the [unchallenged] evidence of the defendant's guilt," the former weighed against the latter. *Graves v. Ault*, 614 F.3d 501, 508 (8th Cir. 2010) (citing *United States v. Beeks*, 224 F.3d 741, 745 (8th Cir. 2000)).  A petitioner "must show that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety the verdict probably would have been different." *Id*. (internal quotations and citations omitted). Additional considerations in this assessment are "the representations of the defendant, his lawyer, and the prosecutor at [his plea] hearing, as well as any findings made by the judge

9

accepting the plea," which "carry a strong presumption of veracity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

As the Government argues, "[W]hen the government is aware of a conflict of interest, it has a duty to bring it to the court's attention and, if warranted, move for disqualification" of the defendant's counsel. *United States v. Schneider*, 704 F.3d 1287, 1293 (10th Cir. 2013) (quoting *United States v. McKeighan*, 685 F.3d 956, 966 (10th Cir. 2012)); *United States v. Migliaccio*, 34 F.3d 1517, 1528 (10th Cir. 1994); see also United States v. Tatum, 943 F.2d 370, 379–80 (4th Cir. 1991).

Ultimately, after notification of a potential conflict, it was Judge Baker's decision that Mr. Zotos should withdraw, not the Government's. Petitioner's claim of prosecutorial misconduct is without merit.

Petitioner makes various claims against Mr. Bruntrager. Throughout his Petition and other submissions in this case, Petitioner claims Mr. Bruntrager had conflicts. Petitioner's claims are vague and speculative. Petitioner fails to support his claims with concrete facts which establish any conflict in Mr. Bruntrager's representation of Petitioner. General and conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. See *Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence); *Lockett v. United States*, No. 4:21 CV 1262 CDP, 2024 WL 4252815, at *6 (E.D.

Mo. Sept. 20, 2024); *Biggs v. United States*, Case No. 1:15CV101 SNLJ, 2015 WL 9258442, at *8 (E.D. Mo. Dec. 18, 2015) (citing *U.S. v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983)).

> Under *Cuyler*, [*v. Sullivan*, 446 U.S. 335 (1980)]. we will presume the prejudice prong is established when a defendant is able to prove his counsel's performance was adversely affected by an actual conflict of interest which arose from jointly representing multiple defendants. *Id*. at 349–50, 100 S.Ct. 1708. Since the decision in *Cuyler*, both the Supreme Court and this court have cabined the lower burden in establishing prejudice to cases in which the alleged actual conflict of interest arose from counsel jointly representing multiple parties. *Noe v. United States*, 601 F.3d 784, 790 (8th Cir.2010) (citing *Mickens v. Taylor*, 535 U.S. 162, 174–175, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002)). In fact, we have expressly refrained from deciding whether the lowered burden in establishing prejudice applies to actual conflicts of interest which did not arise out of multiple representation. *Id*. (citing *Covey v. United States*, 377 F.3d 903, 907 (8th Cir.2004); *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir.2003)).

*Morelos v. United States*, 709 F.3d 1246, 1251–52 (8th Cir. 2013). Petitioner points to neither an actual conflict nor any prejudice. Petitioner admitted, under oath that he voluntarily entered into the plea agreement.

Indeed, with regard to Mr. Bruntrager's representation, Petitioner, under oath advised the Court he was fully satisfied with the representation he received:

COURT. All right. In your own words tell me why you've come to court today. What do you want to do about your case?

PETITIONER. I came to court today because I feel that this would be the best solution of the case considering, I guess, everything surrounding the case.

11

COURT. All right. So in that regard, do you want to plead guilty today?

PETITIONER. Yes, sir (Doc. 2291 in Criminal Case No.4:15CR404 at pp. 5:24-6:6).

Petitioner was specifically asked about the effectiveness of Mr. Bruntrager and Ms. Parish's representation of him over the two-plus years they jointly represented him:

> COURT. Having done so, Mr. Lemons, have you had an opportunity to discuss your case and review it with your lawyer?
> PETITIONER. Yes, sir.
> COURT. And do you feel that you've had sufficient time to review your case and talk about it with your lawyer?
> PETITIONER. Yes, sir.
> COURT. And has your lawyer given you advice regarding your case?
> PETITIONER. Yes, sir.
> COURT. Are you satisfied with all of the advice that he has given you in the case?
> PETITIONER. Yes, sir.
> COURT. Has he answered all of your questions for you fully, completely and to your satisfaction?
> PETITIONER. Yes, sir.
> COURT. Is there anything at all that you need to know about your case that you are still confused about?
> PETITIONER. No, sir.
> COURT. Is there anything about your case that you still don't understand?
> PETITIONER. No, sir.
> COURT. Were there any witnesses that you wanted your lawyer to contact or that he should have contacted but did not contact for you?
> PETITIONER. No, sir.

COURT. Was there any investigation that you wanted your lawyer to do for you or that he should have done for you that he did not do?
PETITIONER. No, sir.
COURT. Was there any information that you wanted your lawyer to get from the Government regarding your case or that he should have gotten from the Government regarding your case that he didn't get?
PETITIONER. No, sir.
COURT. Was there anything at all that you wanted your lawyer to do for you in this case that he has failed to do or refused to do on your behalf?
PETITIONER. No, sir.
COURT. Are you fully satisfied with all the work that your lawyer has done for you?
PETITIONER. Yes, sir.
COURT. Do you have any complaints against your lawyer about anything as your attorney in this case?
PETITIONER. No, sir (Id. at pp. 6:23-8:16).
COURT. Do you further understand that at trial you have the ability to object to any and all evidence that the United States might attempt to introduce against you at the trial?
PETITIONER. Yes, sir… (Id. at pp. 9:22-25)
COURT. Any questions about any of this so far?
PETITIONER. No, sir (Id. at pp. 10:14-15).
COURT. Are you then pleading guilty voluntarily and of your own free will because that's what you want to do in this case?
PETITIONER. Yes, sir (Id. at p. 13:10-12).

Petitioner's claims that Mr. Bruntrager was ineffective based on conflicts of interest are meritless and are denied.

**Count III**

Petitioner claims Mr. Bruntrager was ineffective for failing to challenge the use of a cell-site simulator and Title III wiretap and the amount of drugs attributed to Defendant. Both the cell-site simulator and the wiretap were authorized by valid

13

warrants which were supported by probable cause and presented to various Judges for issuance. Petitioner fails to set out any basis to establish they were not. Any challenge to the issuance of the warrants would have been futile. Counsel is not ineffective for failing to raise futile motions. Therefore, counsel was not ineffective for failing to file pretrial motions. See *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) (no ineffective assistance of counsel for failing to file futile motions).

Likewise, counsel cannot be found ineffective for failing to challenge the amount of drugs involved. The Plea Agreement detailed Petitioner's drug trafficking, which included the amount of drugs involved. Petitioner admitted to same through the Plea Agreement and in open court during his guilty plea.

**Ground IV**

Finally, Petitioner claims counsel was ineffective for raising the forfeiture issues before the Court because "there was "a reasonable probability that the prosecution wouldn't have mentioned forfeiture," thereby resulting in no forfeiture whatsoever. Petitioner gives no reasons why he believes the Government would "forget" about the forfeiture, particularly considering Petitioner himself raised objections with respect to certain items to be forfeited. This ground is denied.

In subsequent filings, Petitioner attempts to challenge the representation of Ms. Parish based on alleged conflicts. Like the claims against Mr. Bruntrager, these

allegations are based on speculation and conclusion and do not rise to the level of a conflict of interest causing prejudice to Petitioner.

## Conclusion

Based on the foregoing and the record before the Court, Petitioner has failed to present any meritorious claims. Petitioner's Motion to Vacate, Set Aside or Correct Sentence is without merit.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Id. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). See *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. See *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See *Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and Order is

entered this same date.

Dated this 30th day of September, 2024

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE